IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CMFG LIFE INSURANCE COMPANY,
CUMIS INSURANCE SOCIETY, INC. and
MEMBERS LIFE INSURANCE COMPANY,

                Plaintiffs,

v.

BANC OF AMERICA SECURITIES LLC,
MERRILL LYNCH, PIERCE, FENNER &
SMITH, INC.,

                Defendants.

OPINION & ORDER

13-cv-579-wmc

---

      This civil action is among a number of similar suits brought by plaintiffs (collectively, "CUNA Mutual") to rescind their purchase of various residential mortgage-backed securities ("RMBS"). CUNA Mutual does not seek relief under the statutory civil liability provisions of the Securities Act of 1933, 15 U.S.C. § 77a *et seq.*, or under the fraud provisions of the Wisconsin Uniform Securities Law, Wis. Stat. § 551.501. Rather, it seeks relief in the form of common law contract rescission on the grounds of misrepresentation and mistake, as well as unjust enrichment.

      Defendants Banc of America Securities ("BAS") and Merrill, Lynch, Pierce, Fenner & Smith ("Merrill") now move to dismiss all of CUNA Mutual's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* dkt. #20.) Although defendants put forth numerous grounds for the dismissal of each separate claim, their central contention is that CUNA Mutual's claims are time-barred under New York, Iowa and Wisconsin law. The court

concludes that regardless of which state's law applies, CUNA Mutual's claims are barred as currently pled, and it will grant defendants' motion to dismiss.[1]

OPINION

This case is complicated by the fact that CUNA Mutual's claims implicate eleven different certificates: nine certificates from seven RMBS offerings underwritten by BAS and two certificates from two RMBS offerings underwritten by Merrill. Defendants assume for purposes of the motion to dismiss that the Merrill Certificates are governed by Wisconsin law. (Defs.' Br. (dkt. #21) 7.) With regard to the BAS Certificates, however, defendants contend that New York law applies based on trade confirmations containing a New York choice-of-law provision. (*Id.* at 5-6.) Additionally, with regard to certificates purchased solely by CMGF Life Insurance Company ("CMLIC"), defendants argue that the Wisconsin borrowing statute, § 893.07, requires the adoption of the Iowa statute of limitations, which serves as an "independent and additional bar." (*Id.* at 11.) Moreover, even where the parties agree as to the appropriate law to apply, they disagree on which statute of limitations governs CUNA Mutual's claims.

The parties' dispute as to choice of law and the appropriate statutes of limitations to apply is not merely academic. According to the pleading, the nine BAS Certificates were purchased on dates ranging from December 9, 2005, to May 31, 2007, meaning even the last-purchased certificate was purchased more than six years before CUNA Mutual filed this action on August 15, 2013. (*See* Am. Compl. (dkt. #39) Table 2.) Similarly, the Merrill

---

[1] Defendants have also moved to stay discovery in this case until the court rules on the underlying Rule 12(b)(6) motion. (*See* dkt. #27.) Given that the court is now granting defendants' motion to dismiss, that motion will be denied as moot.

Certificates were purchased on October 5, 2005, and December 5, 2005, more than seven years before CUNA Mutual filed this action. (*See id.* at Table 3.) The only basis for timeliness that CUNA Mutual offers with respect to either group of certificates is the Wisconsin statute of limitations for "action[s] for relief on the ground of fraud," Wis. Stat. § 893.93(1)(b), which it argues saves at least some of CUNA Mutual's claims by virtue of the discovery rule. Accordingly, the court considers whether that statute of limitations is applicable to CUNA Mutual's claims as pled.

**I.  Merrill Certificates**

   **A.  Rescission on the Grounds of Misrepresentation**

As for the Merrill Certificates, which the parties agree for purposes of the pending motion to dismiss are governed by Wisconsin law, defendants argue that CUNA Mutual's claims are governed by Wisconsin's six-year statute of limitations for actions on contract, Wis. Stat. § 893.43.[2] In contrast, CUNA Mutual asks the court to apply Wisconsin's statute of limitations for "action[s] for relief on the ground of fraud," Wis. Stat. § 893.93(1)(b). Both statutes of limitations require that the suit be commenced within six years of the accrual of the cause of action. The critical difference is that § 893.43 does *not* allow for the application of the discovery rule, meaning that the six-year period begins to run at the moment of breach. *CLL Assocs. Ltd. P'ship v. Arrowhead Pac. Corp.*, 174 Wis. 2d 604, 497 N.W.2d 115 (1993). In contrast, § 893.93(1)(b) expressly provides that "[t]he cause of action in such case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud." Wis. Stat. § 893.93(1)(b).

---

[2] Section 893.43 provides: "An action upon any contract, obligation or liability, express or implied, including an action to recover fees for professional services, except those mentioned in § 893.40, shall be commenced within 6 years after the cause of action accrues or be barred."

Defendants argue that here, CUNA Mutual is seeking common law contract rescission premised either on *negligent or strict responsibility* misrepresentation (having disavowed any claims of actual fraud in its pleadings).³ For reasons the court set forth in detail in *CMFG Life Ins. Co. v. UBS Securities*, No. 13-cv-576-wmc (W.D. Wis. Jul. 1, 2014), this is fatal to CUNA Mutual's claim. *Id.* at 2-12.

## B. Rescission on the Grounds of Mistake

Defendants also argue that CUNA Mutual's claims for rescission on the grounds of mistake are barred by the statute of limitations, again pointing to the contract statute of limitations, § 893.43. As in *UBS Securities*, CUNA Mutual offers no argument as to why these rescission claims are not time-barred. Indeed, CUNA Mutual does not appear to address the statute of limitations applicable to these specific claims at all; its statute of limitations argument is focused entirely on misrepresentation. (*See* Pl.'s Br. Opp'n (dkt. #33) 55-58.) Having already rejected those arguments, the court concludes that this claim is also barred by § 893.43 and will grant defendants' motion to dismiss.

## C. Unjust Enrichment Claims

Finally, defendants argue that the claim for unjust enrichment is time-barred by § 893.43. As defendants point out, unjust enrichment is a claim based on quasi-contract. *Boldt v. State*, 101 Wis. 2d 566, 578, 305 N.W.2d 133 (1981). Such claims are subject to the six-year statute of limitations for contract claims. *Id.*; *see also Stapel v. Stapel*, No.

---

³ Specifically, in Paragraph 129 of its Complaint, CUNA Mutual states that it "is not specifically alleging that Defendants committed fraud." (Am. Compl. (dkt. #39) ¶ 129.) To the extent that CUNA Mutual now argues that it *did* allege fraud, "the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

2009AP1195, 2010 WI App 120, 329 Wis. 2d 269, 789 N.W.2d 753 (per curiam) ("Recovery based on unjust enrichment is sometimes referred to as a quasi-contract. As a claim based on quasi-contract, a claim for unjust enrichment is subject to the six-year statute of limitations set forth in Wis. Stat. § 893.43."). In failing to respond to this argument in its brief in opposition, CUNA Mutual has waived any argument to the contrary. *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007). Accordingly, the court will grant defendants' motion to dismiss this claim as well.

## II. BAS Certificates

Defendants argue that New York law applies to CUNA Mutual's claims regarding the BAS certificates, and that under New York law, all of CUNA Mutual's claims are barred by a six-year statute of limitations pursuant to N.Y. C.P.L.R. 213(1) (McKinney 2004). *See Sirico v. F.G.G. Prods., Inc.*, 896 N.Y.S.2d 61, 66 (N.Y. App. Div. 2010) (applying C.P.L.R. 213(1) to unjust enrichment claims); *Van Dussen-Storto Motor Inn, Inc. v. Rochester Telephone Corp.*, 407 N.Y.S.2d 287, 292 (N.Y. App. Div. 1978) ("Rescission is an equitable cause of action, therefore the six-year statute of limitations governs." (citing N.Y. C.P.L.R. 213(1)) (internal citation omitted)).[4]

Except to contest the application of New York's statute of limitations, CUNA Mutual does not respond to this argument. First, it argues that the trade confirmations are

---

[4] The court notes also that there is authority in cases of rescission on the grounds of mistake for the application of N.Y. C.P.L.R. 213(6), "an action based upon mistake." *See Mills v. Everest Reinsurance Co.*, 410 F. Supp. 2d 243, 249 (S.D.N.Y. 2006). The difference is of no consequence, however, since both statutes of limitations are six years. While New York also provides for a two-year discovery period for actions "based upon fraud," N.Y. C.P.L.R. 213(8), the court has already concluded CUNA Mutual has not alleged fraud here. *See* discussion *supra* n.3.

5

not valid contracts. Second, it argues that even if they are, the choice-of-law provisions do not govern the statutes of limitations, meaning Wisconsin law applies.

As to the first argument, plaintiffs plainly entered into a contractual relationship with defendants at the time it purchased the subject certificates. Indeed, CUNA Mutual's principal claims here are for *rescission* of the contract. As for the second argument, the court need not resolve the underlying choice-of-law disputes because either way, CUNA Mutual's claims are barred. First, it has waived any argument that New York statutes of limitations do not bar its claims. *Wojtas*, 477 F.3d at 926. Second, as discussed above, its claims are untimely under Wisconsin law as well. *UBS Securities*, at 2-12. Therefore, CUNA Mutual's claims are time-barred no matter which state's statute of limitations governs.

ORDER

IT IS ORDERED that:

1. Defendant's Motion to Dismiss (dkt. #20) is GRANTED.
2. Defendant's Motion to Stay Discovery (dkt. #27) is DENIED as moot.

Entered this 2nd day of July, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge