IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

CMFG LIFE INSURANCE COMPANY,
MEMBERS LIFE INSURANCE COMPANY
and CUMIS INSURANCE SOCIETY,

                    Plaintiffs,            OPINION & ORDER

  v.

                                           13-cv-579-wmc

BANC OF AMERICA SECURITIES, LLC
and MERRILL LYNCH, PIERCE, FENNER &
SMITH, INC.,

                    Defendants.
---

Plaintiffs CMFG Life Insurance Company, MEMBERS Life Insurance Company and CUMIS Insurance Society (collectively, "CUNA Mutual") bring this lawsuit seeking to rescind its purchase of certain residential mortgage-backed securities, or RMBS, from defendants Banc of America Securities, LLC ("BAS") and Merrill, Lynch, Pierce, Fenner & Smith ("Merrill"). Defendants moved to dismiss the rescission claims, arguing that: (1) claims related to certificates issued by Merrill were barred by Wisconsin's six-year statute of limitations for actions upon contract, Wis. Stat. § 893.43; and (2) claims related to certificates issued by BAS were untimely pursuant to New York's catch-all six-year statute of limitations, N.Y. C.P.L.R. 213(1).[1] CUNA Mutual argued that all its claims were governed by Wisconsin law and subject to the six-year statute of limitations for actions grounded in fraud, Wis. Stat. § 893.93(1)(b), which gives plaintiffs the benefit of a discovery rule.

---
[1] That section states, "The following actions must be commenced within six years: 1. an action for which no limitation is specifically prescribed by law[.]"

Relying on its holding in parallel case *CMFG Life Insurance Company v. UBS Securities, LLC*, 30 F. Supp. 3d 822 (W.D. Wis. 2014), this court granted defendants' motion on July 2, 2014, concluding that CUNA Mutual had only sought rescission based on negligent or strict responsibility misrepresentation. Although the case law surrounding the question was complicated by a growing number, and often inconsistent, set of Wisconsin decision involving the economic loss doctrine, the court further held that claims for relief "on the ground of fraud" did not encompass claims for contractual rescission based on negligent or strict responsibility misrepresentations, but rather required allegations of *intentional* misrepresentation. (*See* July 2, 2014 Opinion & Order (dkt. #43) 4.) In so holding, the court rejected CUNA Mutual's attempt to bring a "miscellaneous" action that could benefit from the discovery rule as a "tort-like" action, while simultaneously evading the economic loss doctrine as a "contract-based" action. *UBS Securities*, 30 F. Supp. 3d at 829 n.11. In a footnote, the court noted that perhaps CUNA Mutual could amend its complaint to allege claims for rescission on the grounds of intentional misrepresentation, since at least some case law supported the application of Wis. Stat. § 893.93(1)(b) -- and its corresponding discovery rule -- to such claims. *Id.* at n.12. The court then entered judgment and closed this case. (Dkt. #44.)

CUNA Mutual subsequently moved to alter or amend the judgment and for leave to amend its complaint to assert claims for rescission on the ground of intentional misrepresentation.[2] (Dkt. #46.) "Leave to amend a complaint should 'be freely given when

---

[2] CUNA Mutual also suggests in its reply that this court should revisit its decision as to the applicable statute of limitations and should not apply Wis. Stat. § 893.43 to an "extra-contractual remedy," based on arguments it makes in its briefing in related litigation in *CMFG Life Ins. Co. v. Credit Suisse Sec. (USA) LLC*, No. 14-cv-249. Leaving aside the fact that a reply brief is not the proper vehicle for raising new arguments, *United States v. Elizalde-Adame*, 262 F.3d 637, 640 (7th Cir.

justice so requires.'" *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (quoting Fed. R. Civ. P. 15(a)). "Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Id.*; *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) ("[W]hile a court may deny a motion for leave to file an amended complaint, such denials are disfavored."). For this reason, "[d]istrict courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Here, the court terminated this case on the same day that it dismissed CUNA Mutual's complaint as time-barred. It did not, however, make any finding that amendment would be "futile or otherwise unwarranted." Under Seventh Circuit case law, therefore, the court should have given CUNA Mutual an opportunity to cure the deficiencies of its complaint before entering judgment and closing the case. This failure constitutes grounds for relief under Rule 59(e). *See Foster*, 545 F.3d at 584. Defendants nevertheless oppose the motion, arguing that CUNA Mutual has not met its heavy burden under Rule 59(e).[3] Their

---

2001), a motion for reconsideration "is not properly utilized 'to advance arguments or theories that could and should have been made before the district court rendered a judgment[.]'" *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007). CUNA Mutual offers no reason why it could not have made these arguments in response to the original motion to dismiss, and so they are not properly advanced as grounds for reconsideration either.

[3] Defendants also moved for the court to take judicial notice of: (1) Bloomberg screenshots reflecting ratings downgrades for the Certificates at issue in this action; (2) an amended complaint from a New York RMBS case; (3) the prospectus and prospectus supplements for the securitizations at issue in this action; and (4) a slip opinion in a Central District of California RMBS case. (Dkt. #54.) CUNA Mutual does not oppose the motion to the extent that the court takes judicial notice only of

arguments, premised on waiver and delay, mirror those of the defendant in *CMFG Life Insurance Company v. UBS Securities*, 13-cv-576-wmc. For the reasons stated in the opinion issued today in that case, CUNA Mutual has not waived its right to amend.

Unsurprisingly, defendants next argue that amendment would be futile regardless of whether this court grants relief from the judgment. First, it contends that the contract statute of limitation should apply to *all* claims for rescission of the Merrill certificates, including one grounded in claims of intentional misrepresentation, citing in support *Kindschuh* and *Dairyland Power Cooperative v. Amax Inc.*, 700 F. Supp. 979 (W.D. Wis. 1986). Again, for the reasons articulated in the *UBS Securities* opinion today, this court disagrees.

Defendants have better success with their argument that CUNA Mutual cannot amend with respect to its unjust enrichment claim. This court previously decided that claims for unjust enrichment were governed by, and untimely under, the six-year contract statute of limitations. CUNA Mutual now contends that those claims are premised upon the same misrepresentations and, therefore, likewise benefit from the discovery rule. In light of Wisconsin precedent applying the six-year contract statute of limitations to such quasi-contract claims, this court disagrees. *See Servicios Especiales Al Comercio Exterior v. Johnson Controls, Inc.* No. 08-CV-1117, 2011 WL 1304922, at *2 (E.D. Wis. Apr. 1, 2011); *Boldt v. State*, 101 Wis. 2d 566, 578, 305 N.W.2d 133 (1981); *Stapel v. Stapel*, No. 2009AP1195, 2010 WI App 120, 329 Wis. 2d 269, 789 N.W.2d 753 (per curiam) ("Recovery based on unjust enrichment is sometimes referred to as a quasi-contract. As a

---

the fact that these publicly-available documents exist. (*See* dkt. #56.) The court agrees with CUNA Mutual that judicial notice of the *truth* of the facts asserted in those documents would be inappropriate at this stage and will grant the motion only to the extent that it recognizes the documents exist. *See CMFG Life Ins. Co. v. RBS Secs. Inc.*, No. 12-cv-037-wmc, 2013 WL 4483068, at *1 & n.2 (W.D. Wis. Aug. 19, 2013).

claim based on quasi-contract, a claim for unjust enrichment is subject to the six-year statute of limitations set forth in Wis. Stat. § 893.43."). The court also notes that CUNA Mutual failed to address *Boldt* or *Stapel* at all in opposing defendants' previous motion to dismiss. Instead, CUNA Mutual relied entirely on its implicit argument that the fraud statute of limitations applied indiscriminately to *all* its claims.

Nor does the court find persuasive CUNA Mutual's new argument that the fraud statute of limitations applies to the *entire action* merely because some asserted claims turn on allegations of fraud. As defendants point out, courts routinely apply different statutes of limitations to different claims within the same action. Furthermore, the elements of an unjust enrichment cause of action under Wisconsin law are: "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under circumstances making it inequitable for the defendant to retain the benefit without payment of its value." *Puttkammer v. Minth*, 83 Wis. 2d 686, 689, 266 N.W.2d 361 (1978). Since fraud is not a necessary component of such a claim, CUNA Mutual's attempt to base its unjust enrichment claims on intentional misrepresentations is a transparent and unavailing attempt to save its untimely claim from the applicable statute of limitations. *Cf. Dairyland*, 700 F. Supp. at 992-93. Finally, CUNA Mutual cites *no* case law in support of its approach -- neither a case applying § 893.93(1)(b) to an unjust enrichment claim, nor a case applying § 893.93(1)(b) to an entire *action* without regard to the nature of the individual claims. In light of the foregoing, the court adheres to its earlier conclusion and will deny the motion to amend with respect to claims for unjust enrichment.

5

Next, defendants argue that the BAS certificate claims are barred by the New York statute of limitations. This court has previously expressed skepticism that Wisconsin's choice-of-law rules would allow for the application of the New York statute of limitations based on boilerplate language contained in post-deal trade confirmations. *See CMFG Life Ins. Co. v. RBS Secs. Inc.*, No. 12-cv-037-wmc, 2014 WL 3696233, at *3-4 (W.D. Wis. July 23, 2014) [hereinafter *RBS I*]. Even if it did, New York law provides for a two-year discovery rule applicable to claims based on fraud. N.Y. C.P.L.R. § 213(8) (McKinney 2004). This court has previously declined to dismiss RMBS litigation as time-barred when a discovery rule applies, because the application of a "reasonable diligence" standard is fact-intensive and because CUNA Mutual is due the benefit of all reasonable inferences at the motion to dismiss stage. *See CMFG Life Ins. Co. v. RBS Secs. Inc.*, No. 12-cv-037-wmc, 2013 WL 4483068, at *3 (W.D. Wis. Aug. 19, 2013) [hereinafter *RBS II*]; *cf. RBS I*, 2014 WL 3696233, at *24 (declining to apply the doctrine of laches at summary judgment where a trier of fact could conclude that CUNA Mutual's delay in bringing suit was reasonable in light of need to acquire "information necessary to make its claims against RBS plausible").

Presuming without deciding that defendants are correct and CUNA Mutual's amended complaint does not relate back to its original complaint of August 2013,[4] its claims would be timely if it discovered, or with reasonable diligence should have discovered, them on or after July 30, 2012, two years before it filed for leave to amend. Although

---

[4] It is not clear that this is the case. Defendants are correct that "to benefit from Fed. R. Civ. P. 15(c)'s 'relation back' doctrine, the original complaint must have been timely filed." *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). However, "if state law 'affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.'" *Henderson v. Bolanda*, 253 F.3d 928, 932 (7th Cir. 2001) (quoting Fed. R. Civ. P. 15(c)(1), cmt. to 1991 amendment). The parties do not address New York state law on this point.

perhaps unlikely, the facts as pled allow for the possibility that CUNA Mutual was not on inquiry notice of its claims for fraudulent misrepresentation until after that time.

While some of the evidence CUNA Mutual offers in support of its claims was available long before July of 2012, including the 2011 Financial Crisis Inquiry Commission report, the rating agency downgrades, and the certificates' poor performance, certain allegations in the complaint allow an inference that CUNA Mutual *might* not have known of its claims against these particular defendants until later. For instance, CUNA Mutual alleges that it was not until August of 2013 that the Department of Justice brought suit against Bank of America and its affiliates, alleging "reckless and fraudulent origination and securitization practices." (2d Am. Compl. (dkt. #47-1) ¶ 469.) The SEC likewise did not bring suit against Bank of America until August of 2013. (*Id.* at ¶ 470.) Similarly, while CUNA Mutual pleads testimony by a former Clayton Holdings employee that Bank of America behaved with callous indifference to the credit characteristics of the loans that Clayton was re-underwriting, it is not clear from the face of the complaint *when* CUNA Mutual became aware of this information. (*Id.* at ¶ 493.) And CUNA Mutual suggests in its briefing that it did not have access to the automated valuation model (AVM) results, which formed the basis for its lawsuit against these defendants, until 2013.

While these assertions and related inferences may ultimately prove unfounded, CUNA Mutual was under no obligation to plead around the statute of limitations in its complaint, merely to avoid unambiguously pleading *into* it. *See Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009). Since the court does not believe that CUNA Mutual pled itself out of court by clearly establishing the tardiness of the amended complaint, it need not definitively decide whether Wisconsin or New York law

7

applies. Under either law, the amended complaint leaves open the possibility (however improbable) that CUNA Mutual's claims are timely.

Finally, defendants contend that CUNA Mutual has not adequately pled scienter as required by Rule 9(b). At present, they do not press any argument that CUNA Mutual's pleading of the "circumstances constituting fraud" -- that is, the "who, what, when, where, and how" -- are deficient.[5] *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Instead, defendants contend that CUNA Mutual failed to allege facts supporting intent to defraud with sufficient specificity. Under the text of Rule 9(b), a heightened pleading requirement "does not extend to 'states of mind' which 'may be pleaded generally.'" *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007) (citing *Robin v. Arthur Young & Co.*, 915 F.2d 1120, 1127 (7th Cir. 1990)).

Here, the amended complaint need only "afford a basis for believing that plaintiffs could prove scienter." *Id.* (quoting *Robin*, 915 F.2d at 1127) (internal quotation marks omitted). CUNA Mutual has met that burden. Specifically, CUNA Mutual alleges that a "trending report" drafted by Clayton Holdings, LLC, a third-party due diligence provider, indicates that Clayton's diligence revealed nineteen to twenty-three percent of loans it reviewed for defendants were "Event 3" loans -- loans issued in violation of originator underwriting guidelines without sufficient compensating factors to offset the overall risk --

---

[5] Defendants briefly suggest that CUNA Mutual's claims are defective because they do not allege facts that *the named defendants* made any material misrepresentations, and that CUNA Mutual has waived its right to rescind, but defendants' single-paragraph argument does not adequately develop either argument as a basis to deny leave to amend. Indeed, defendants appear to recognize as much, stating that they will set those grounds forth "more fully in a motion to dismiss, if necessary." (Br. Opp'n (dkt. #53) 26-27.) CUNA Mutual has accordingly declined to respond. (Br. Reply (dkt. #55) 15.) The court will defer any further discussion of the sufficiency of CUNA Mutual's fraud claims. Defendants are, of course, free to raise any good faith basis for dismissal not specifically addressed and rejected in this opinion.

and that defendants nevertheless waived in significant numbers of those loans regardless of those serious defects and their representation that Event 3 loans had been *excluded* from final pools. (2d Am. Compl. (dkt. #47-1) ¶¶ 477-491.) Although the Clayton report encompasses First Quarter 2006 to Second Quarter 2007, and at least some of the securitizations in this case were issued before that time period, it is reasonable to infer (particularly at the motion to dismiss stage) that defendants engaged in similar practices in the time immediately preceding that time period. CUNA Mutual also alleges that, according to a former Clayton employee, BAS pressed Clayton to approve loans and belittled its concerns for the credit characteristics of the loans themselves. (*Id.* at ¶ 493.)[6] And Merrill Lynch is alleged to have pressed another re-underwriting company, the Bohan Group, to approve as many loans as quickly as possible. (*Id.* at ¶ 494.) These facts provide a basis for believing CUNA Mutual could prove scienter, which is all that Rule 9(b) requires. *Tricontinental Indus.*, 475 F.3d at 833.

With respect to CUNA Mutual's allegations of misrepresented LTV ratios, CUNA Mutual likewise alleges that defendants "used AVMs during the due-diligence process." (*Id.* at ¶ 409.) CUNA Mutual also alleges that its own use of AVMs reveals significant disparities between the percentage of loans with high LTV ratios advertised in defendants' offering documents and the actual percentage of loans with high LTV ratios. (*Id.* at ¶¶ 397-408.) This is sufficient to establish a basis to believe that CUNA Mutual could prove

---

[6] CUNA Mutual further represents that it verified these allegations with the attorneys who litigated the case in which they came to light. (Br. Reply (dkt. #55) 13 n.12.)

defendants' knowledge that its representations were false (or, alternatively, its reckless disregard for that possibility).[7]

Finally, CUNA Mutual has moved to stay this action pending resolution of an appeal in related case *CMFG Life Insurance Company v. RBS Securities*, No. 12-cv-037-wmc. When deciding whether to stay an action, the court must "balance interests favoring a stay against interests frustrated by the action in light of the court's strict duty to exercise jurisdiction in a timely manner." *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (quoting *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (internal quotation marks omitted)). In conducting that balancing test, courts frequently consider (1) whether the litigation is at an early stage, (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (3) whether a stay will simplify the issues and streamline the trial, and (4) whether a stay will reduce the burden of litigation on the court.

The court has no doubt that, as CUNA Mutual contends, the eventual decision in the *RBS Securities* appeal may well provide helpful guidance to the court with respect to CUNA Mutual's claims for rescission in this action, which closely mirror those it asserted in *RBS Securities*. But the court is not persuaded that a stay is necessary at this stage of the litigation. Indeed, the issues on appeal to the Seventh Circuit in *RBS Securities* are not clearly dispositive of the issues in this case at present, nor does CUNA Mutual argue as much. Given the early stage of this litigation, the *RBS Securities* decision will also likely have been decided by the time any of the overlapping issues arise in this matter. Regardless,

---

[7] Given the brevity of the parties' arguments on the subject, the court defers deciding whether CUNA Mutual has adequately alleged scienter with respect to owner-occupancy statistics until the motion to dismiss is filed.

no purpose would be served by delaying a decision on the presently pending, unrelated motions.[8]

The court would certainly be willing to reconsider CUNA Mutual's request for a stay if: (1) an immediate issue arises that could be directly affected by the *RBS Securities* decision; and (2) that decision has not yet issued.  In that case, it would make little sense to require the parties and the court to proceed without the benefit of the Seventh Circuit's direction, and it would undoubtedly streamline the issues and reduce the burdens of litigation on both the parties and court to await that guidance.  But at present, CUNA Mutual has not demonstrated that a stay is warranted, and so the court will deny the motion, reopen this case and set it for a preliminary pretrial conference to establish a new schedule.

ORDER

IT IS ORDERED that:

1) Plaintiff CMFG Life Insurance Company's motion to alter or amend and for leave to amend the complaint (dkt. #46) is GRANTED.

2) Defendants' motion for judicial notice (dkt. #54) is GRANTED.

3) Plaintiff's motion to stay (dkt. #59) is DENIED.

4) The court will set a preliminary pretrial conference to establish a new schedule in this matter.

Entered this 5th day of August, 2015.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge

---

[8] the court will need to set a new schedule in this matter, giving the parties sufficient time for discovery and dispositive motions, if any.

11